[No. 3946.]

EMIL HARRIS and J. L. WILLIAMS *v.* J. F. BURNS.

FRAUD IN THE SALE OF GOODS.—The question of fraudulent intent in the sale of chattels is one of fact and not of law; and the sale of all a debtor's goods, with credit for the greater portion of the purchase-price, does not establish fraud, as a legal conclusion.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Frederick Packard was indebted to J. C. Morrison in the sum of about seven hundred dollars, and Morrison brought an action on the debt and procured a writ of attachment which was placed in the hands of the defendant Burns, who was the sheriff of Los Angeles County. The writ was issued

on the 26th day of July, 1870. Packard had been keeping
a saloon, but on the 15th day of July, 1870, had sold his
saloon, the liquors, and everything contained in the saloon,
to the plaintiff Harris. The plaintiffs were partners. The
sheriff levied on and took the goods from the plaintiffs.
On the trial, it appeared that Harris was to pay one thou-
sand dollars for the property, fifty dollars of which was
paid down, and for the remainder Harris gave his notes,
one for two hundred dollars, due on demand, and five for
one hundred dollars each, due in thirty, sixty, and ninety
days, and four and five months, and one for two hundred
and fifty dollars, due in six months. The plaintiffs brought
this action against the sheriff to recover the value of the
goods. The jury found a verdict for the defendant. The
plaintiffs appealed.

The other facts are stated in the opinion.

*A. Brunson,* for the Appellants.

A sale on credit by an insolvent may often be to the best
interest of his creditors, and the instruction that a credit
sale made by an insolvent is conclusive of an intent to hin-
der, delay and defraud, is novel. In an action where one of
the issues raised is a question of fraudulent intent, in the
sale or disposition of property, that intent is a question of
fact alone, to be left solely to the determination of the jury,
and in such cases it is error for the court to instruct the
jury as to the force or effect of the evidence upon the ques-
tion of fraudulent intent. (*Miller* v. *Stewart,* 24 Cal. 504;
*Levitzky* v. *Canning,* 33 Cal. 305.)

*Kewen & Howard,* for the Respondent.

By the Court, WALLACE, C. J.:

The court below instructed the jury as follows: "The
single fact, of a sale of all of Packard's goods, on credit for
the greater portion of the purchase-money, when he was
irretrievably insolvent, is conclusive as to the intent to
hinder, delay and defraud his creditors."

This instruction cannot be supported. The question of

fraudulent intent is a question of fact; it is so declared by statute. "The question of fraudulent intent in all cases arising under the provisions of this act shall be deemed a question of fact and not of law." The instruction in effect took away from the jury the decision of the question of fact, and established the fraudulent intent by mere legal conclusion from an isolated circumstance. This we held erroneous in *Jamison* v. *King*, ante, p. 132, at the present term.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.

Mr. Justice NILES did not express an opinion.